# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRYAN TURNER, JR., <br> Plaintiff, <br> vs. <br> COUNTY OF SAN DIEGO, et al. <br> Defendants. | CASE NO. 19cv268-LAB (BLM) <br><br> **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

Plaintiff David Turner brings this suit against a series of unrelated defendants alleging that each of them violated his constitutional rights. As best the Court can discern, Turner's complaint makes the following allegations:

- On an unspecified date, San Diego Metropolitan Transit System officers issued Turner a citation for failing to pay a trolley fare. When he was unable to sign the citation due to a broken hand, the MTS officers told him he was going to jail. San Diego County Sheriff's deputies placed him in overly tight hand cuffs, "slammed" his face, and re-broke his hand.

- One week after the MTS encounter, Turner was stopped and arrested by the Harbor Police. The officers took him to the hospital for treatment, but did so (again) in overly tight hand cuffs. Once Turner arrived at the hospital, the "police pulled [his] pants down[,] grabbed his ass, and stuck something into his buttocks." Turner was transferred to the San Diego Central Jail, where he was sexually abused.

- On an unspecified date, El Cajon police arrested Turner, placed him in overly tight hand cuffs, and seized his bag. Once in jail, the officials

- 1 -

- failed to give him a property slip for the bag, which resulted in the loss of his personal property.

- On a separate occasion, El Cajon police assaulted Turner at a 7/11 store.

- On an unspecified date, he was subjected to excessive force by "Food4Less" and the "Euclid Ave. Police." No additional details are provided.

In addition to straining credibility, Turner's claims violate the FRCP's prohibition against joining unrelated claims and defendants in the same suit. While a plaintiff may join multiple claims if they are all against a single defendant, unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). Turner's complaint runs afoul of this rule by alleging a series of implausible constitutional violations against unrelated entities: the MTS, the San Diego County Sheriff, the Harbor Police, the El Cajon Police Department, Food4Less, and others.

Because Turner has moved to proceed IFP, the Court is required to screen and dismiss his complaint to the extent it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). Each of Turner's claims lacks basic details that would allow the Court to determine whether it is plausible. For instance, Turner does not provide the dates on which any of the alleged violations took place or the names of any of the officers involved. The allegations are also internally inconsistent—Turner states that he is indigent and has moved to proceed IFP, but yet alleges that the reason he failed to pay the trolley fare was because "someone had taken $900,000 out of his [bank] account." Complaint, Dkt. 1, at 3. In short, despite naming numerous defendants, Turner has failed to plausibly plead a constitutional violation against any of them.

Turner's complaint is **DISMISSED WITHOUT PREJUDICE**. He may file an amended complaint, but must limit the claims in his amended complaint to a single

incident and/or a single defendant. If he chooses to amend, he must do so no later than **March 26, 2019** and must provide additional facts to support whichever claim he chooses to pursue. For starters, he should specify the date on which the incident occurred, the location of the incident, the names of the officers involved, and any other pertinent details. If he cannot provide these basic facts supporting his claim, he should not amend. If he chooses to amend, he should also explain in detail his allegation that someone took "$900,000 out of his [bank] account." The Court defers ruling on Turner's motion to proceed IFP, (Dkt. 2), pending a more complete explanation of this incident and his financial situation.

**IT IS SO ORDERED.**

Dated: March 4, 2019

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge